UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATEAU INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Amwins Connect Administrators, Inc., )<br>)<br>Defendant. )<br>_____ ) | Case No. CaseNumber<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Plateau Insurance Company ("Plateau" or "Plaintiff") by and through undersigned counsel, for its Complaint against Defendant Amwins Connect Administrators, Inc. ("Amwins" or "Defendant") (each a "Party" and together the "Parties") as successor in interest to Global Benefit Services, Inc. ("GBS"), alleges as follows:

### THE PARTIES

1. Plaintiff Plateau is a Tennessee corporation with its principal place of business at 2701 N. Main Street, Crossville, Tennessee 38557.

2. Defendant Amwins is a Maryland corporation with its principal place of business at 6 North Park Drive, Suite 310, Hunt Valley, Maryland 21030.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant because Amwins transacts business in the State of Illinois and has purposefully availed itself of the privilege of doing business

in Illinois by virtue of its contracts within Illinois.

5. Venue is proper in the Northern District of Illinois based on 28 U.S.C. § 1391(b)(2) because, on information and belief, Amwins regularly conducts business in this district. In addition, Illinois has personal jurisdiction over Amwins, which is a corporation who, on information and belief, regularly conducts business in this district. Therefore, venue is also proper pursuant to 28 U.S.C. § 1391(d). Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL BACKGROUND

6. Plateau is an insurance company that offers and administers a variety of insurance products, including dental insurance.

7. Amwins purchased and is the successor in interest to GBS. Amwins is a third party administrator that administered certain individual dental insurance policies (the "Policies") issued by Plateau (altogether the "Program").

8. On December 1, 2017, Plateau and GBS entered into an Administrative Agreement (the "Agreement") under which GBS (now Amwins) administered the Policies. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

9. Under the Agreement, Amwins was authorized to take certain actions to administer the Policies, including but not limited to (a) paying insurance producers (whether individual agents or agencies); (b) billing and collecting monthly premium for dental benefits; (c) administer payments for dental benefits; and (d) pursuant to Article IV of the Agreement, set up and maintain a single "lockbox" bank account in Plateau's name to house Plateau's funds including premium funds belonging to Plateau. Amwins was to use this account to collect Plateau's funds and to make payments on behalf of Plateau as described above.

10. Instead of honoring its obligation to maintain a single lockbox account owned by and in Plateau's name, Amwins opened at least two accounts, both owned by and in its own name to hold Plateau's money (the "Accounts"). True and correct copies of bank statements showing Amwins ownership of the accounts are attached as **Exhibits B and C**.

11. Pursuant to Article IV, Paragraph 2 of the Agreement, Amwins was only permitted to make payments to third parties while it was collecting premiums under the Agreement.

12. On June 3, 2022, Amwins terminated the Agreement. A true and correct copy of Amwins' notice of termination is attached hereto as **Exhibit D**.

13. On June 28, 2022, after Amwins had terminated the agreement, Plateau directed Amwins that effective July 1, 2022, Plateau was assuming administration of all Policies previously covered by the Agreement and Amwins was no longer authorized to withdraw Plateau's funds from the Accounts or otherwise use them to pay any person or third party except for payments owed to providers for valid claims. Plateau specifically instructed Amwins to suspend all other payments under the Program "pending a financial audit." True and correct copies of the relevant written communications between the Parties on June 28, 2022 are attached hereto as **Exhibit E**.

14. Amwins ignored these instructions and continued to purport to act on behalf of Plateau, claiming that it had a right to "runoff" the Plateau business.

15. Plateau had no contractual, statutory, or other right to continue servicing Plateau's business, whether for runoff or any other purpose.

16. Even if Amwins were correct that it had the right to runoff the Policies (it is not), Section VI only provides for a maximum transition period of 120 days, and Amwins' own termination letter only offered a maximum of 180 days from June 3, 2022. *See* **Ex. D**. Thus, even if Plateau had accepted Amwins' unilateral decision to continue servicing Plateau business (it did

not), Amwins was not permitted to retain the Program books and records, nor Plateau's fiduciary funds, after November 30, 2022.

17. Article VII, Paragraph 4 of the Agreement specifically provided that Amwins was to transfer Plateau's books and records immediately upon request by Plateau.

18. In addition to having an obligation to return Plateau's funds and its records, Amwins had agreed in Article V, Paragraph 3 of the Agreement "to indemnify and hold harmless [Plateau] from any claim, liability, cost, loss, expense or damage (including reasonable attorney and accountant fees) which results from [Amwins'] gross negligence, willful misconduct or fraud in carrying out its duties pursuant to this Agreement."

19. Shortly after Amwins terminated the Agreement, Plateau's partial audit (Amwins has refused to provide complete records and access to Plateau and/or its auditors) uncovered ongoing and wide-ranging misconduct by Amwins, including but not limited to (a) paying shared commissions out of the Accounts to unlicensed producers who were performing work that required a license; (b) maintaining Plateau funds in the Accounts, which were not owned by Plateau; (c) making payments out of the Accounts which were not authorized by Plateau's rate and form filings, in violation of state insurance laws; (d) paying itself and other third parties fees even after Plateau expressly instructed Amwins' not to use Plateau's funds held in the Accounts to make any such payments; and (e) insistence on the part of Amwins that it was somehow entitled to "run-off" the Policies and continue to collect premium and administer and pay claims as well as fees to itself and its subcontractors with Plateau's money, all in violation of the express terms of the Agreement and applicable state insurance law, and all after Amwins itself had terminated the Agreement.

20. Amwins further agreed in Article VII of the Agreement to maintain seven years' worth of records, including "adequate books and records of all transactions involving the

Administrator," and to permit Plateau to "audit, inspect and examine . . . all books and records of [Amwins]," and to "transfer the books and records of any and all transactions for the Policies, to [Plateau]." Amwins had a further duty under Article VI, Paragraph 2(B)(4) to "In the event of termination, [Amwins] shall make available to [Plateau] all records pertaining to the Policy(ies)."

21. Plateau made numerous requests and demands to inspect and audit Amwins' books and records pursuant to Article VII of the Agreement, both before and after the Agreement was terminated by Amwins. Amwins has consistently failed to provide Plateau with sufficient access to its books and records, and has failed to provide reports requested by Plateau pursuant to the Agreement.

22. Amwins last provided bank statements for the Accounts holding Plateau's funds in October 2022. Those bank statements indicate that as of that time, Amwins was holding at least $411,927.98 in Plateau's funds as a fiduciary. *See* **Exs. B-C**.

23. On November 30, 2022 and December 27, 2022, counsel for Plateau contacted Amwins demanding the return of all books, records, and fiduciary funds from Amwins. True and correct copies of the letters are attached hereto as **Exhibit F**.

24. As of April 3, 2023, Plateau's internal records indicate that $204,601.53 is still unaccounted for out of the total $411,927.98 that Amwins was holding for Plateau in a fiduciary capacity. Plateau has repeatedly demanded an accounting for the missing funds, which Amwins has refused to provide.

25. Article VI, Paragraph 5 of the Agreement provides that "Upon termination of this Agreement, all monies and indebtedness due either Party shall be payable immediately upon demand together with interest at the rate of twelve (12) percent, per annum accruing thirty (30) days from the date of such demand."

26. Amwins has failed to comply with Plateau's inspection, audit, and return of records and funds demands and has not returned complete books, records, or all fiduciary funds to Plateau, despite its obligation to do so under the Agreement.

27. Amwins has further completely ceased providing even bank statements for the Accounts to Plateau, and so Plateau cannot verify whether Amwins is continuing to accept premium payments on the Policies. Given that Amwins continues to collect Plateau funds for any premium payments it does wrongfully continue to accept on Plateau's behalf, Plateau's damages may be increasing continually. Moreover, without a proper accounting, Plateau cannot properly maintain its statutorily mandated accounting and reserving records, because Plateau has no idea which insureds are paying premiums or making claims.

28. Article IX, Paragraph 2 of the Agreement expressly prohibited Amwins from assigning any of its duties or responsibilities without Plateau's prior written authorization and obligated Amwins to retain responsibility for its own subcontractors.

29. Amwins ignored this obligation and assigned duties and responsibilities to subcontractors without authorization.

30. Article IX, Paragraph 2 further prohibited Amwins from paying subcontractors with Plateau's money: "All subcontractors shall look solely to the Administrator for payment of any compensation or allowances due as a result of their appointment, except as specified by separate agreement between [Plateau] and the subcontractor."

31. Amwins ignored this obligation and used Plateau's funds to pay Amwins' subcontractors.

32. On March 14, 2023, counsel for Plateau reiterated Amwins' misconduct and again directed it to immediately cease acting on behalf of Plateau in any way, including (a) administering

Policies; (b) collecting premium or paying claims, (c) returning all Plateau funds in the Accounts; and (d) deliver all books and records to Plateau as required by the Agreement. A true and correct copy of that communication is attached hereto as **Exhibit G**.

33. Amwins continues to maintain that it has a right to run-off the Policies, and that the funds held in the Accounts do not belong to Plateau, in contravention to the clear terms of the Agreement. Furthermore, and on information and belief, Amwins continues to wrongfully retain Plateau funds and use them to pay itself and third parties despites lacking any right or authorization to do so. Communications between Plateau and Amwins have ceased to be effective and Amwins continues to refuse to honor its contractual obligations.

## CLAIM 1: MONEY HAD AND RECEIVED

34. Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

35. Amwins received money due to its mistaken belief that it was entitled to disburse funds to itself out of the Accounts even after the Agreement had been terminated and Plateau had revoked its authority to access or use Plateau's money.

36. Although the Agreement specified that the Accounts were to be in Plateau's name and that the Accounts and money were to be owned by Plateau, Amwins continues to own the Accounts, maintain the Accounts in its own name, pay itself and other third parties fees, and continues to assert ownership over the funds in the Accounts.

37. Amwins has not returned to Plateau all of the funds in the Accounts as of the date of either the termination of the Agreement or Plateau's express revocation of Amwins' authority and instruction to cease all payments out of the Accounts after July 2022.

38.     Plateau is entitled to a return of all money wrongfully retained or paid out by Amwins in an amount no less than $200,000, with the final amount to be determined at trial.

## CLAIM 2: CONVERSION

39.     Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

40.     Plateau has the right to possess money wrongfully retained by Amwins due to Amwins' wrongful deposits of Plateau's funds into accounts owned by Amwins, and Amwins' payment of fees to itself and its subcontractors, including unlicensed subcontractors, out of the Accounts.

41.     Amwins interfered with Plateau's property rights first by knowingly and intentionally taking possession of some or all of the funds through depositing them into accounts owned by Amwins and not by Plateau, then again by asserting possession and ownership of the lockbox accounts and the funds in them at the time of the termination of the Agreement and finally by refusing to transfer and/or return all of the funds that were in the lockbox accounts as of the date of termination of the Agreement.

42.     By failing to transfer and/or return Plateau's funds, Amwins has wrongfully retained possession of the funds in a manner that is inconsistent with Plateau's ownership and possession.

43.     Amwins' wrongful retention of the funds and wrongful and unauthorized disbursement of the funds to third parties constitutes conversion.

44.     Amwins has not transferred and/or returned the funds due to Plateau under the Agreement nor compensated Plateau for the damages it has suffered as a result of Amwins' wrongful conversion.

45. Plateau did not consent, and in fact expressly prohibited, Amwins from retaining or disbursing any funds in the Accounts to any party besides medical providers under a valid claim or to Plateau after July 2022, and Plateau experienced harm as a result.

46. Amwins' conduct was a substantial factor in causing Plateau's injury. Plateau is entitled to damages no less than $200,000, with the final amount to be determined at trial.

## CLAIM 3: BREACH OF CONTRACT

47. Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

48. The Agreement is a valid, binding, enforceable contract between Amwins and Plateau. Included in the Agreement are terms that require Amwins to act only within the bounds of the authority granted by the agreement, including without limitation (a) maintaining Plateau's ownership in funds collected; (b) maintaining Plateau's funds in accounts owned by Plateau; (c) only paying funds out of the accounts pursuant to its authority under the Agreement; (d) returning all funds to Plateau after termination of the Agreement; (e) ceasing to act on Plateau's behalf after the Agreement was terminated; (f) maintaining adequate books and records, making them available for inspection or audit upon demand to Plateau; and (g) delivering all books and records to Plateau upon termination of the Agreement.

49. Plateau has fully performed all of its obligations under the Agreement.

50. Pursuant to the clear and unambiguous terms of the Agreement, Plateau is entitled to damages for Amwins' repeated and ongoing material breaches of its obligations under the Agreement, both pre- and post-termination.

51. By failing to (a) deliver to Plateau all of Plateau's funds held by Amwins at the time of the Agreement's termination; (b) continuing to purport to act on Plateau's behalf after the

Agreement has been terminated, including by paying third parties using Plateau's money; and (c) maintain adequate books and records and deliver them to Plateau after termination, among other acts and omissions constituting breaches of the Agreement; Amwins has and continues to materially breach the Agreement.

52. Plateau has repeatedly attempted to inform Amwins of its material breaches and resolve the matter without resorting to litigation. Amwins has repeatedly and continually refused to cure its breaches, and has refused to deliver significant portions of Plateau's money as well as its books and records.

53. As a direct and proximate result of Amwins' breaches of the Agreement, Plateau has been damaged by being deprived of the benefit of its bargain, namely the funds, books, and records it is rightfully entitled to after the Agreement was terminated, as well as Amwins no longer acting on Plateau's behalf with regards to the Policies.

54. As a direct and proximate result of Amwins' breaches of the Agreement, Plateau entitled to damages in an amount no less than $200,000, with the total amount to be determined at trial.

## CLAIM 4: BREACH OF FIDUCIARY DUTY

55. Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

56. The Agreement is a valid, binding, enforceable contract between Plateau and Amwins.

57. When Amwins established the Accounts, it was obligated by the Agreement to do so as Plateau's fiduciary.

58. Amwins had a fiduciary obligation to open and maintain the Accounts in Plateau's name, to maintain Plateau's ownership of all funds in the Accounts, and to only disburse the Plateau's funds within the scope of its authority under the Agreement and pursuant to Plateau's instructions.

59. Amwins had a duty of loyalty, obedience, care, and disclosure to Plateau with regards to Plateau's funds.

60. Once Amwins terminated the Agreement, it ceased to have the contractual authority to access or control the Accounts, and it had a fiduciary obligation to turn the Accounts and all funds in them over to Plateau.

61. At the very least, Amwins ceased to have such authority no later than June 28, 2022 when Plateau expressly revoked any remaining authorization, demanded return of the funds, and expressly forbade Amwins from withdrawing or disbursing funds for any purpose other than paying providers for valid claims through July 2022 or transferring the funds directly to Plateau.

62. After Amwins lost its contractual authority to maintain or control the Accounts, it instead continued to maintain ownership and possession of the funds, disburse the funds to itself and other third parties, and refused to transfer the funds to Plateau.

63. By wrongfully both refusing to return Plateau's funds and disbursing some or all of those funds to itself and third parties, Amwins breached both the Agreement and its fiduciary duty to Plateau to hold Plateau's funds in trust.

64. As a result of Amwins' disbursement of Plateau's funds to itself and other third parties, and its refusal to transfer to Plateau all the amounts in the Accounts, Plateau has suffered harm.

65. As a direct and proximate result of Amwins' breaches of its fiduciary duty to Plateau, Plateau entitled to damages in an amount no less than $200,000, with the total amount to be determined at trial.

## CLAIM 4: ACCOUNTING

66. Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

67. Amwins was clearly obligated by the plain terms of the Agreement to provide an accounting of all monies collected and disbursed on behalf of Plateau.

68. Plateau has repeatedly demanded an accounting on the entire book of business, but specifically and especially on the discrepancy in Plateau's records versus Amwins' own.

69. Amwins has failed to provide not only an accounting, but also complete access to its books and records relating to the Program, whether relating to an accounting between the Parties or to inspect and audit their records.

70. Because Amwins wrongfully opened and maintained the lockbox accounts in its own name, and did not maintain Plateau's full ownership of the funds rightfully belonging to Plateau, and because Amwins maintained the books and records for its own administration of the Program, Plateau cannot access sufficient records to ascertain the full balance that continues to be owed to it without this Court performing an accounting between the Parties.

71. As a result of Amwins' wrongful retention of money belonging to Plateau, and failure to provide an accounting for the missing funds according to the plain language of the Agreement, an inequity has arisen between the parties. It is inequitable for Amwins to retain money rightfully belonging to Plateau. It is similarly inequitable for Amwins to retain the benefit of using Plateau's money to pay Amwins' obligations that Plateau was not obligated to pay.

72. Plateau has suffered harm, and will continue to suffer harm, due to Amwins' failure to provide an accounting, unless Plateau is adequately compensated.

73. Plateau is entitled to restitution in an amount to be determined at trial.

## CLAIM 5: UNJUST ENRICHMENT

74. Plateau repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference.

75. Amwins received, and continues to receive, a benefit due to its wrongful retention of Plateau's funds and its use of some or all of those funds to wrongfully pay fees and other amounts to itself, its subcontractors, and third parties.

76. Amwins received this benefit at Plateau's expense by retaining and disbursing these funds that became due to Plateau no later than upon Amwins' termination of the Agreement.

77. Amwins has been unjustly enriched by paying itself fees out of funds that rightfully belong to Plateau without Plateau's authorization.

78. Amwins has been further unjustly enriched by using Plateau's funds to pay its subcontractors which Plateau did not have the obligation to pay and by otherwise disbursing funds from the Accounts in direct contravention of Plateau's instructions post-termination.

79. As a result of Amwins' wrongful retention of money belonging to Plateau, an inequity has arisen between the parties. It is inequitable for Amwins to retain money rightfully belonging to Plateau. It is similarly inequitable for Amwins to retain the benefit of using Plateau's money to pay Amwins' obligations that Plateau was not obligated to pay.

80. Plateau has suffered harm, and will continue to suffer harm, due to Amwins' unjust enrichment, unless Plateau is adequately compensated.

81. Plateau is entitled to restitution in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plateau seeks a judgment in favor of Plateau and against Amwins for the following relief:

A. For actual damages no less than $200,000, with the final amount to be determined at trial;

B. For restitution of all Plateau funds that Amwins wrongfully disbursed to itself and third parties;

C. For an injunction restraining Amwins from continuing to act on Plateau's behalf with regards to the Program and/or Policies;

D. For pre- and post-judgment interest at the highest allowable rate;

E. For Plateau's costs and reasonable attorneys' fees incurred in this action and as otherwise allowable by law; and

F. For such other and further relief as this Court deems just and equitable.

Dated: April _12_, 2023                             Respectfully submitted,

/s/ Michael C. Kasdin_____

Michael C. Kasdin
Illinois State Bar (ARDC) 6283200
mkasdin@foley.com
Benjamin E. Schwab
Illinois State Bar (ARDC) 6330410
bschwab@foley.com
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
312.832.4500
312.832.4700

/s/ Neal C. Zazove
Neal C. Zazove
Neal C. Zazove & Associates
19 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 641-5444
Facsimile: (312) 641-5048
Email: zazlaw@ameritech.net
ARDC # 6183635

Attorneys for Plateau Insurance Company

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pl. 38(b), Plateau hereby demands a trial by jury of all issues so triable.

Dated:  April 12__, 2023                            FOLEY & LARDNER LLP

/s/ Michael C. Kasdin
Michael C. Kasdin
Illinois State Bar (ARDC) 6283200
mkasdin@foley.com
Benjamin E. Schwab
Illinois State Bar (ARDC) 6330410
bschwab@foley.com
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
312.832.4500
312.832.4700

Attorneys for Plateau Insurance Company

15